# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY JOHNSON, # 38651-044, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-409-JPG |
| | ) | |
| ZELLDA BELL, | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On February 13, 2018, this Court ordered the claims in this action against Bell to be severed from Plaintiff's original case, *Johnson v. Kruse, et al.*, Case No. 17-cv-237-JPG-DGW. (Doc. 1). The claims contained in this action are as follows:

> **Count 5:** Plaintiff was targeted for a discriminatory cell search and confiscation of her undergarments because of her transgender status, in violation of her right to equal protection, by Bell in October 2012;
>
> **Count 6:** The confiscation of Plaintiff's undergarments by Bell in October 2012, constituted deliberate indifference to Plaintiff's serious medical/mental health need for those items to address her gender dysphoria;
>
> **Count 8:** Bell violated Plaintiff's right to equal protection by refusing to take protective or remedial action after Plaintiff reported a sexual assault on her in October 2012, because of Plaintiff's transgender status;
>
> **Count 10:** Bell retaliated against Plaintiff for filing complaints against Bell, by revoking Plaintiff's privileges (including phone, e-mail, and visits) after Plaintiff was discharged from the SHU and placed in unit H2-A;
>
> **Count 11:** Bell discriminated against Plaintiff based on her transgender status, by revoking Plaintiff's privileges (including phone, e-mail, and visits) after Plaintiff was discharged from the SHU and placed in unit H2-A.

1

The above claims against Bell have already undergone threshold review pursuant to 28 U.S.C.A § 1915A. Bell has been served, her motion to sever in the original case was granted in part, and she has been directed to respond to the Complaint. (Doc. 1).

**IT IS THEREFORE ORDERED** that this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, pursuant to Local Rule 72.1(a)(2).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if her application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at the FCI-Schuylkill, P.O. Box 759, Minersville, PA 17954, as a courtesy. Plaintiff is **REMINDED** that it is her responsibility to notify the Clerk of Court and each opposing party, in writing, of all changes of address within 7 days of the change. Failure to do so may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 16, 2018**

s/J. Phil Gilbert
United States District Judge